Stephen C. BOLLING, James M. Clark, Jr., Shirley M. Ray, Plaintiffs,

v.

MISSISSIPPI PAPER CO. and Paper Products Company, Defendants.

No. EC 79–35.

United States District Court, N. D. Mississippi, E. D.

Oct. 30, 1979.

Rowland H. Geddie, Jr., Tupelo, Miss., for plaintiffs.

Michael S. Allred, Satterfield, Allred & Colbert, Thomas L. Kirkland, Jr., Jackson, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court upon the motion of the defendants, pursuant to Rule 20 and 21, Fed.R.Civ.P., to sever the causes of action of each plaintiff and to proceed separately with the individual claims of each plaintiff. Defendants allege that the plaintiffs' claims do not arise out of the same transaction or occurrence and do not present questions of fact which are common to each of the plaintiffs. The defendants allege that the fair and efficient administration of justice requires that each plaintiff should proceed against the defendants in individual actions, rather than in one single lawsuit.

The substance of the plaintiffs' complaint is that the defendants unlawfully discriminated against them, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. The complaint alleges that the plaintiffs, all of whom are over forty years of age, were the victims of a deliberate plan of harassment by the defendant, Mississippi Paper Company, which resulted in the termination of the plaintiffs' employment. Defendants now seek to have the plaintiffs' claims severed, and ask this court to proceed with each of the three claims separately. Defendants allege that the plaintiffs are not entitled to join in a single action, since their claims do not arise out of the same transaction or occurrence, and do not present common questions of law or fact. Rule 20(a), Fed.R.Civ.P. More specifically, the defendants point to the different circumstances under which the plaintiffs Bolling and Ray were terminated, and under which the plaintiff Clark resigned. These different factual settings indicate, according to the defendants, that the claims upon which the plaintiffs base their cause of action, arose from separate and distinct transactions or occurrences. Defendants also allege that the legal issues involved in this action are based upon the separate acts of the defendants with respect to each of the plaintiffs. Because these issues are so diverse, defendants allege that the individual claims are not properly joined. In support of this position, defendants rely on *Smith v. North American Rockwell Corp.*, 50 F.R.D. 515 (N.D.Okla.1970), which holds that a failure to meet the requirements of Rule 20(a) will result in a severance of the individual claims. This court is of the opinion, however, that the defendants' reliance on that case is misplaced. In *Smith*, the

court found that "the Complaint itself indicates that the transactions and occurrences on which it is founded are several, not joint." 50 F.R.D. at 522. One plaintiff, for example, alleged that she was discriminatorily denied a promotion in one of the defendant's departments. Another plaintiff alleged that he was denied the opportunity to attend a training school in another department. In the action sub judice, however, the complaint alleges on its face that the plaintiffs were terminated because of the defendants' design or scheme, and the court is not prepared to say that these allegations are insufficient to demonstrate a common transaction or occurrence. Plaintiffs contend that it is this common plan or design which is the basis for the discriminatory conduct, and which forced the plaintiffs to leave the employment of Mississippi Paper Company. The fact that more than one plaintiff is involved will no doubt mean that, at the trial of this case, evidence will be presented involving the individual claims. Since there is a likelihood, however, that this evidence will be introduced to demonstrate an alleged plan or scheme on the part of the defendants, the claims should not be severed.

Under Rule 21, Fed.R.Civ.P., the determination of a motion to sever is within the discretion of the court. *See e. g., Condosta v. Vermont Electric Cooperative, Inc.,* 400 F.Supp. 358, 366 (D.Vt.1975); *Fair Housing Development Fund Corp. v. Burke,* 55 F.R.D. 414, 419 (E.D.N.Y.1972). For reasons of judicial economy, this court is of the opinion that the interests of the parties would be better served if the plaintiffs' claims were tried together. To order a severance would only result in the duplication of testimony, as well as unnecessary delay, inconvenience, and expense. For these reasons, the defendants' motion to sever should be denied.