533 So.2d 230 (1988)
Ex parte PROGRESSIVE CASUALTY INSURANCE COMPANY.
(In re: William Frederick CRAWFORD and Helen Crawford v. TOYOTA MOTOR COMPANY, LTD., et al.)
87-441.
Supreme Court of Alabama.
September 23, 1988.
*231 Tony S. Hebson and Paul A. Miller, Birmingham, for petitioner.
M. Clay Alspaugh and James R. Pratt III, of Hogan, Smith, Alspaugh, Samples & Pratt, Birmingham, for respondent.
ALMON, Justice.
This petition for writ of mandamus takes issue with the trial court's denial of petitioner's motion for change of venue. Petitioner, Progressive Casualty Insurance Company, was added on October 7, 1987, as a defendant in an action that had been filed on February 11, 1987. On June 11, 1987, 1987 Ala. Acts, No. 87-181, took effect, adopting the doctrine of forum non conveniens. Act No. 87-181 states that it "shall not apply to any civil action pending on the effective date of this Act." Progressive contends that, because the amendment adding it as a defendant stated a cause of action not previously pleaded, the action against it was not pending on the effective date of Act No. 87-181, even though the action was pending on that date against the other defendants. The trial court expressly rejected this argument in denying Progressive's motion for change of venue.
On February 11, 1987, William Frederick Crawford and Helen Crawford filed an action in Jefferson County Circuit Court arising out of a vehicular accident in which Mr. Crawford was injured on December 27, 1985. That complaint named as defendants Judy Whatley, who allegedly was driving a vehicle in Crawford's lane of travel, and whose driving allegedly required him to swerve to avoid hitting her; McKinnon Motors, Inc., which sold Crawford the Toyota pick-up truck he was driving; and Toyota Motor Company, Ltd., Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Distributors, Inc. ("the Toyota defendants"), alleging products liability theories against McKinnon Motors and the Toyota defendants.
The Crawfords and Whatley are residents of Chilton County, McKinnon Motors is located in Chilton County, and the accident occurred in Chilton County. Nevertheless, Jefferson County was a proper venue for the action when the action was filed, because the Toyota defendants, allegedly non-qualified foreign corporations, *232 were doing business in Jefferson County when they were served with process. See Ex parte Owen, 437 So.2d 476 (Ala.1983). Venue was therefore proper as to all defendants, at least prior to the amendment. Ex parte Jackson, 485 So.2d 1116 (Ala. 1986); Roland Pugh Mining Co. v. Smith, 388 So.2d 977 (Ala.1980). None of the defendants other than Progressive has objected to venue in Jefferson County.
Act No. 87-181 has been codified at Ala. Code 1975, § 6-3-21.1. We shall refer to it as "the Act," because the effective date provision is not codified, but merely mentioned in the Code Commissioner's notes. Section 1(a) of the Act reads in pertinent part:
"With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
The other venue provisions in Title 6, Chapter 3, Article 2, of the Code of 1975 do not shed any light on Progressive's argument. Section 6-3-21 states: "A defendant in a civil action may move for a transfer of venue as provided in the Alabama Rules of Civil Procedure."
Rule 82(c), A.R.Civ.P., provides:
"(c) Venue where claim [sic] or parties joined. Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22 and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties."
Determination of venue is to be made as of the commencement of the action. Rule 82(d), A.R.Civ.P.; Ex parte Shelby County, 516 So.2d 525 (Ala.1987); Ex parte Hawkins, 497 So.2d 825 (Ala.1986). Rule 82(d) governs a situation in which venue becomes improper, but such a situation arises only where the sole defendant whose presence made venue proper is dismissed. Because the Toyota defendants are still in this action, that situation is not present here. The Committee Comments to Rule 82(c) also point out that the addition of a foreign corporation may make venue improper and that Const. 1901, § 232,[1] would prevent joinder of a foreign corporation in an improper venue to which it objects. Those Comments conclude: "Severance and transfer may be necessary with respect to the addition of a foreign corporation as a party pursuant to the second sentence [of Rule 82(c)]."
Those two situationsdismissal of the party who made venue proper and addition of a foreign corporation as to which venue is improperare the only two grounds for change of venue or severance and transfer in cases where the venue was proper at the commencement of the action. If we accept Progressive's argument, a third such situation would exist: actions pending on June 11, 1987, to which a new defendant is added solely under a new cause of action and in which forum non conveniens would indicate a transfer. Of course, if a proper interpretation of the Act justifies such a conclusion, the novelty of the situation is no objection to its existence.
A closer inspection of the Rules of Civil Procedure provides some guidance toward resolution of Progressive's argument. The second sentence of Rule 82(c) does not mention Rule 15, "Amended and supplemental pleadings." The four rules that are mentioned, however, relate to parties in postures other than the original plaintiff/defendant alignment: Rule 13, "Counterclaim and cross-claim"; Rule 14, "Third-party practice"; Rule 22, "Interpleader"; and Rule 24, "Intervention." Therefore, the second sentence of Rule 82(c) can be read *233 to mean that the addition of parties whose relation to each other or to existing parties is different from the original plaintiff/defendant relation does not render venue improper or require severance. That sentence's omission of Rule 15 does not mean that amendments adding parties do render venue improper, but rather, the sentence is more properly interpreted as omitting reference to Rule 15 because that Rule is unlike the four that are mentioned. An amendment adding a party under Rule 15 is properly analogous to Rules 19 and 20, under which joinder is practiced in the original pleadings, and therefore comes within the import of the first sentence of Rule 82(c).
In fact, Rule 15 itself sets forth the principle of relation back, which ordinarily applies in respect to the statute of limitations. Because the claim against Progressive was filed well within the six-year statute of limitations for actions on contracts, § 6-2-34, the doctrine of relation back is not at issue, but it is instructive with regard to the policy that amendments are considered to relate back to the time of the original pleading. Rule 15(c) provides in pertinent part:
"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading except as may be otherwise provided in Rule 13(c). An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."
Thus, the cases, rules, and general statutes on venue indicate that an amendment adding a new defendant under a new cause of action would not ordinarily defeat venue that was proper prior to the amendment and would not require severance and transfer of the claim against the new defendant, unless the new defendant was a foreign corporation not doing business in the county and the suit was proceeding under the prior version of Const. 1901, § 232.
Of course, the Act would take precedence over the Rules of Civil Procedure and over earlier, more general venue statutes if the legislature indicated an intent to set forth a result different from the result that would obtain under those rules and statutes. The Act contains no indication of such intent, however; on the contrary, it indicates that when it adopted the Act the legislature had in mind the distinction between an action and a claim. In the substantive portion of the Act, the legislature wrote that the court shall "transfer any civil action or any claim in any civil action." The legislature could just as easily have written, "This Act shall not apply to any civil action or to any claim in any civil action pending on the effective date of this Act," or "This Act shall not apply to any civil action pending on the effective date of this Act, but it shall apply to any claims added by amendment after the effective date of this Act."
A moment's reflection on the effect of accepting Progressive's interpretation shows that it is not consistent with the principle of forum non conveniens. Because the action was pending against Whatley, McKinnon Motors, and the Toyota defendants on the effective date of the Act, the claims against those defendants cannot be transferred "for the convenience of parties and witnesses." The only relief available to Progressive under its interpretation, therefore, would be severance and transfer of the claim against it. This would result in two trials and, therefore, in inconvenience for the parties and witnesses.
*234 Therefore, we conclude that, because the Act does not apply to any civil actions pending on its effective date, it necessarily does not apply to any claims or parties properly added by amendment to any civil action pending on the Act's effective date. The trial court correctly so held and denied Progressive's motion for transfer. The petition for writ of mandamus is due to be, and it is hereby, denied.
WRIT DENIED.
MADDOX, JONES, SHORES, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and HOUSTON and STEAGALL, JJ., concur in the result.
NOTES
[1] These comments, of course, refer to § 232 as it existed prior to Amendment No. 473, proposed by 1987 Ala. Acts 87-164 and proclaimed ratified on April 1, 1988.