Kristy K. DEMBOSKI, Individually and for all Statutory Beneficiaries of Scott R. Demboski, deceased; Laura Hermes and Rae Hopkins, Individually and for All Statutory Beneficiaries of Alfred P. Hermes, deceased; Charles Hodge, Individually and for all Statutory Beneficiaries of Margaret Hodge, deceased; and Lawrence McGee, Plaintiffs,

v.

CSX TRANSPORTATION, INC., Defendant.

Civ. A. No. 1:93cv558GR.

United States District Court, S.D. Mississippi, Southern Division.

July 29, 1994.

Joe Sam Owen, Owen, Galloway & Clark, Gulfport, MS, for plaintiffs.

Raymond L. Brown, Brown & Watt, Pascagoula, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter is before the Court on the Motion to Sever filed on behalf of Defendant CSX Transportation, Inc. The Court, having reviewed the motion, the briefs of the parties, the authorities cited, and being otherwise fully advised in the premises, finds to-wit:

The present lawsuit was filed on November 1, 1993, in the Circuit Court of Hancock County, Mississippi, and subsequently, removed to this Court on November 12, 1993 by the Defendant. The Plaintiffs are as follows:

Plaintiff Kristy K. Demboski, acting in both her individual and representative capacity, sues the Defendant for the wrongful death of Scott R. Demboski, based on a crossing accident that occurred on January 24, 1993, at approximately 5:30 p.m., in the City of Bay St. Louis, Mississippi.

Plaintiffs Laura Hermes and Rae Hopkins, in both their individual and representative capacities, sue the Defendant for the wrongful death of Alfred P. Hermes, based on a crossing accident that occurred on April 6, 1992, at approximately 5:30 a.m., in the City of Biloxi, Mississippi.

Plaintiff Charles Hodge, in both an individual and representative capacity, sues the Defendant for the wrongful death of Margaret Hodge, based on a crossing accident that occurred on June 16, 1992, at approximately 9:00 p.m., in the City of Long Beach, Mississippi.

Plaintiff Lawrence McGee sues the Defendant for personal injuries sustained in a crossing accident that occurred on November 4, 1992, at approximately 8:00 a.m., in the City of Biloxi, Mississippi.

The Plaintiffs bring this lawsuit against the Defendant CSX Transportation, Inc., seeking recovery for wrongful deaths and personal injuries. The Plaintiffs contend

that the losses alleged by the Plaintiffs all spring from a pattern or general practice by CSX of a lack of internal governance with respect to federal, local and internal safety rules and regulations.

The Defendant has filed a motion to sever. The Defendant contends that the Plaintiffs' claims should be severed into four separate actions pursuant to Federal Rule of Civil Procedure 21. The Defendant argues that none of the Plaintiffs' assertions for a right to relief arise out of the same transaction or occurrence or series of transactions or occurrences, nor raise a common question of law or fact. More specifically, the Defendant points out that the crossing accidents alleged by the Plaintiffs involve different crossings, different times, different dates, different driver conduct, different trains, different crews, different Plaintiffs, and different physical facts relating to federal preemption.

Federal Rule of Civil Procedure 21 governs misjoinder of parties. Rule 21 provides:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

"[T]he determination of a motion to sever is within the discretion of the court." *Bolling v. Mississippi Paper Co.*, 86 F.R.D. 6, 7 (N.D.Miss.1979). In determining whether parties are misjoined, the joinder standard of Federal Rule of Civil Procedure 20(a) applies. Rule 20(a) provides:

**(a) Permissive joinder** All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

"In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued." *Mosley v. General Motors Corporation*, 497 F.2d 1330, 1333 (8th Cir.1974). Although the purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits," it is well established that unrelated claims may be severed to promote the legitimate interest of some of the parties. *Id.; Hohlbein v. Heritage Mutual Insurance Company*, 106 F.R.D. 73, 78 (E.D.Wis.1985).

The cases consistently construe Rule 20(a) as providing a two-prong test, as expressed by Rule 20 itself, as requisite to the permissive joinder of more than one plaintiff in a given action. *See Mosley, supra,* and *Hohlbein, supra*. To satisfy the first prong of the test "a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence...." *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir.1977). The key focus is whether the plaintiffs' claims are part of a "series of transactions or occurrences." *Dougherty v. Mieczkowski*, 661 F.Supp. 267, 277 (D.Del.1987).

Although the Plaintiffs cite several cases [1] wherein courts have found plaintiffs' rights to relief arose from one transaction or occurrence or a series of transactions or occurrences, this Court finds that the cases relied upon by the Plaintiffs differ from the case at hand. Most of the cases cited by the Plaintiffs involved allegations of discrimination and misrepresentations where the facts alleged by each plaintiff were inextricably interwoven together to show a common pattern of discrimination or misrepresentation. In the present case Plaintiffs' rights to relief do not arise from one transaction or occurrence or a series of transactions or occurrences; for example, the four crossings accidents alleged in the Plaintiffs' Complaint involved different plaintiffs, separate accidents, differ-

---

**1.** The Plaintiffs only cite one United States Supreme Court case, *United States v. Mississippi*, 380 U.S. 128, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965), one Fifth Circuit case, *Nor–Tex Agencies, Inc. v. Jones*, 482 F.2d 1093 (5th Cir.1973), and one district court case from Mississippi, *Bolling v. Mississippi Paper Co.*, 86 F.R.D. 6 (N.D.Miss. 1979). Two of these cases (*Mississippi* and *Bolling*) involved discrimination and the third (*Jones*) involved misrepresentation claims.

ent crossings, different train crews, different dates and times, different driver conduct, different vehicles, different injuries, different damages, different defensive postures, and different physical facts which relate to federal preemption.

Although Plaintiffs may develop some evidence indicating negligence on the part of Defendant that will be common to all claims, this Court is persuaded that common sense dictates that the evidence in other instances as to each specific incident will be so dissimilar that it would be very difficult to manage a consolidated trial. Certainly it would be difficult to try all four of these separate cases together and be fair to all parties.

The Court finds that the burden imposed on the Defendant to defend four substantially different sets of facts and law in only one forum far outweighs any practical benefits that might accrue to the parties and the Court in the conservation of judicial, prosecutorial, and defensive resources. Therefore, the Court holds that the Plaintiffs have failed to satisfy the first prong of Rule 20(a). The Court points out that the illustration set out in the case of *Sun–X Glass Tinting of Mid–Wisconsin v. Sun–X International, Inc.*, 227 F.Supp. 365 (W.D.Wis.1964) is a good illustration that describes the case at hand.

For example assume 4 automobiles, A, B, C, and D. A and B collide, causing B to strike C, which in turn strikes D, parked at a curb. Here is a series of events which produce multiple claims. However, all possible claims will have stemmed from a common transaction or event, namely the collision of A and B. Further, assume A was at fault in the example; and further assume that 10 minutes earlier on the same highway, A negligently caused a collision involving E. Could it fairly be said that the claims of B, C, and D have any common question of law or fact with E's

claim against A? There are separate series of events or transactions.

*Id.* at 374–75. Just as in the illustration, the Court finds that the different crossing accidents did not stem from a common transaction or event, rather the crossing accidents stem from separate transactions which do not amount to a series of transactions or occurrences.[2] Since the Court finds that the Plaintiffs failed to satisfy prong one of Rule 20, the Court does not find it necessary to discuss prong two.

Rule 21 provides for dropping or adding parties "on such terms as are just." This Court concludes that "in fairness" any discovery already developed should be handled or utilized as if developed in each of the four separate cases if appropriate. Also, Plaintiffs may attempt to develop appropriate evidence indicating negligence of Defendant common to all or some of the four cases. Any evidence so developed in any of the four cases may be utilized as if developed in each case. Judge John M. Roper shall continue to be the Magistrate Judge assigned to all four of these cases and will handle all discovery matters in all four cases.

The Plaintiffs' claims should be severed into four separate actions. Since Judge Gex recused himself from this case because of the claims filed by Kristy Demboski, this Court will retain Kristy Demboski's claims under the civil action number 1:93cv558. The Clerk's office is directed to reassign new civil action numbers to the other three Plaintiffs' claims; these claims, i.e., the claims of Laura Hermes and Rae Hopkins, Charles Hodge and Lawrence McGee are hereby *sua sponte* transferred back to Judge Gex under the new civil actions number assigned by the Clerk's office.

SO ORDERED AND ADJUDGED.

---

**2.** The Plaintiffs and Defendant both assert that prong one of Rule 20 incorporates the "logical relationship" test set out in Rule 13 of the Federal Rules of Civil Procedure. According to this test courts look to see if the operative facts are logically related. *See Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir.1974). The Fifth Circuit has not adopted the "logical relationship"

test. The Fifth Circuit case of *Nor–Tex Agencies Inc. v. Jones*, 482 F.2d 1093 (5th Cir.1973) seems to imply that the Fifth Circuit may be willing to analogize Rule 20 and Rule 13 and apply the "logical relationship" test to both rules. However, this Court does not find it necessary to analyze such test since the Plaintiffs have failed to satisfy prong one under the current law.