BRIDGEPORT MUSIC, INC., et al.,

v.

11C MUSIC, et al.

No. 3:01–0412.

United States District Court,
M.D. Tennessee,
Nashville Division.

July 25, 2001.

---

Richard Busch, King & Ballow, Nashville, TN, for plaintiffs.

Jay Bowen, Bowen, Riley, Warnock & Jacobson, Philip Kirkpatrick, Stewart, Estes, & Donnell, Nashville, TN, for defendants.

## MEMORANDUM

CAMPBELL, District Judge.

### I. *Introduction*

Pending before the Court are numerous Motions to Strike or Dismiss Plaintiffs' Complaint, filed by the Sony and AOL Time Warner Defendants (Docket No. 128); by Defendant Warner/Chappell Music Inc. (Docket No. 145); by Defendants Dream Works Records, LLC; Tommy Boy Music; T–Boy Music, LLC; T–Girl Music, LLC; and Chrysalis Music (Docket No. 150); by Defendants EMI April Music, Inc.; EMI Blackwood Music, Inc.; and EMI Unart Catalog Music, Inc. (Docket No. 156); by the BMG Defendants (Docket No. 158); by Bad Boy Defendants and AOL Time Warner Defendants (Docket No. 159); by DM Records, Inc. (Docket No. 170); by McGuffin Music, Inc. (Docket No. 172); by the TriStar Pictures, Inc. and the Columbia Pictures Industries, Inc. Defendants (Docket No. 182); by Defendant Palm Pictures, LLC (Docket No. 194); by Defendants Paramount Pictures Corp., a Viacom Company, and Famous Music Corp. (Docket No. 196); by New Line Cinema Corp. and New Line Productions Defendants (Docket No. 198); by Defendant Burger King Corp. (Docket No. 208); by Elektra Entertainment Group, Inc. and Unichappel Music, Inc. Defendants (Docket No. 209); by Defendant Loud Records, LLC (Docket No. 226); by London–Sire Records, Inc. Defendant (Docket No. 227); and by EMI Music, Inc., Virgin Records America, Inc.; Chrysalis Records, Inc. (Docket No. 255); by Defendant Alvertis Isbell, d/b/a Alvert Music (Docket No. 274); by Defendant Razor & Tie Direct, L.L.C. (Docket No. 281); by Defendant Death Row Records, Inc. (Docket No. 289); and by Defendants Psychopathic Records, Inc. and Psychopathic Records, Inc. d/b/a Psychopathic Music Publishing Ltd. (Docket No. 347). Also pending

before the court are Alternative Motions to Sever, filed by the BMG Defendants (Docket No. 160); by Bad Boy Defendants (Docket No. 162); and by Defendant Palm Pictures, LLC (Docket No. 195).

Plaintiffs, entities engaged in publishing, recording, and distributing music, bring this action against over 770 named publishing companies, copyright administrators, record labels, entertainment companies, copyright clearance companies, and performance rights organizations. Plaintiffs assert a variety of claims arising out of numerous instances of what they describe as the "sampling" of music in which they claim an ownership interest[1]. They allege copyright infringement, violation of the Tennessee Consumer Protection Act, negligence, and breach of contract. Due primarily to the number of Defendants, Plaintiffs' complaint is an exceptionally large document. It includes 486 counts, most of which contain multiple claims. It is 901 pages long not including exhibits.

Defendants argue that Plaintiffs have violated Rules 8 and 20 of the Federal Rules of Civil Procedure because Plaintiffs' complaint does not give a "short and plain statement" of its claims, *see* Fed.R.Civ.P. 8, and because Defendants are not properly joined, *see* Fed. R.Civ.P. 20. Defendants move the court to strike or to dismiss Plaintiffs' complaint and, alternatively, to sever Plaintiffs' various claims. For the reasons set forth below, the Court finds that Defendants are misjoined. Accordingly, Defendants' Motions for Severance are GRANTED. The parties have until July 31, 2001, to submit supplemental briefs addressing the most appropriate method for severance of Plaintiffs' claims. Defendants' Rule 8 Motions to Strike or Dismiss Plaintiffs' Complaint are DENIED as moot.

## II. *Analysis*

Defendants argue that they are not properly joined. Federal Rule of Civil Procedure 20(a) provides that:

> [a]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

■ Rule 20(a) is designed to promote judicial economy and trial convenience. *See Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir.1974); *Ohio ex rel. Fisher v. Louis Trauth Dairy*, 856 F.Supp. 1229, 1239 (S.D.Ohio 1994); *McCormick v. Mays*, 124 F.R.D. 164, 167–68 (S.D.Ohio 1988). This accords with the general principle under the Federal Rules of Civil Procedure to allow "the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("[J]oinder of claims, parties and remedies is strongly encouraged."); *see also Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 146–47 (6th Cir. 1969).

■ Permissive joinder is circumscribed, however, by the dual requirements of a common question and transactional relatedness. *See Mosley*, 497 F.2d at 1333. The first of these, the common question test, is usually easy to satisfy. *See* 4 James Wm. Moore et al., Moore's Federal Practice, ¶ 20.04 (3d ed.1999). The transactional test, however, is more forbidding. It requires that, to be joined, parties must assert rights, or have rights asserted against them, that arise from related activities—a transaction or an occurrence or a series thereof. *See, e.g., Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir.1988) (finding that a loan made to the plaintiff by one defendant was unrelated to loans made to the plaintiff by other defendants and that joinder was therefore improper); *Demboski v. CSX Transp., Inc.*, 157 F.R.D. 28, 29–30 (S.D.Miss.1994) (holding that four separate railway accidents involving the same defendant did not constitute a series of occurrences); *Rappoport v. Steven Spielberg, Inc.*, 16 F.Supp.2d 481, 496 (D.N.J.1998) (severing

---

1. "Sampling," according to the complaint, is the copying of portions of prior master sound recordings of earlier musical compositions directly onto new sound recordings. (Complaint, at ¶ 20, Docket No. 1).

a plaintiffs' claims against defendants where plaintiff alleged copyright infringement in separate works in different media). This test is easy to articulate, but it is often difficult to apply. Because it does not lend itself to bright line rules, it generally requires a case by case analysis.

■ Defendants argue that they are misjoined in this action because Plaintiffs' claims against them do not arise out of the same series of transactions or occurrences. According to Defendants, Plaintiffs' 477 counts of alleged copyright infringement "are really 477 separate lawsuits rolled into one enormous pleading;" each allegedly infringing song represents a separate transaction or occurrence. They suggest that each infringement count brought by Plaintiffs will require a unique set of proof. Defendants also argue that the infringement counts in Plaintiffs' complaint do not present common questions of law or fact. They contend that Plaintiffs are simply relying on the fact that their claims are based on a common legal theory—i.e., copyright infringement.

Plaintiff responds that all of its infringement counts and claims arise out of "the same series of transactions or occurrences." Specifically, Plaintiffs argue 1) that Defendants and the claims against them are intricately interrelated; 2) that Defendants have inflicted the same harm against Plaintiffs; 3) that certain Defendants repeatedly infringed Plaintiffs' copyrights, often in different capacities (e.g., as publisher, administrator, label, or entertainment company); and 4) that a small number of clearance companies, manufacturers, and distributors were involved in most of the allegedly infringing songs giving rise to Plaintiffs' claims. They also contend that the counts in their complaint present common questions of law and fact. According to Plaintiffs, these common questions concern 1) ownership of the allegedly infringed songs; 2) whether copyright material was actually copied; 3) the existence of licenses; and 4) whether copied material is subject to *de minimis* or fair use exceptions. Plaintiffs also anticipate that the parties will rely on expert testimony to prove many of these factual questions and that the same testimony will be applicable to numerous questions.

The Court finds that the musical compositions and/or sound recordings ("songs") giving rise to the counts in Plaintiffs' complaint and the activities leading to the production and distribution of those songs are not a series of transactions or occurrences. Each song and the alleged sampling contained therein represents a discrete occurrence. The fact that certain Defendants were involved in the production, publishing, and distribution of more than one allegedly offending song does not, in itself, cause these songs to be related occurrences in the manner contemplated by Rule 20(a). In this respect, this case is similar to *Demboski*, where the fact that a single railway Defendant was involved in separate train crashes did not create a series of occurrences sufficient to allow joinder of plaintiffs. *See Demboski*, 157 F.R.D. at 29–30. The Court also finds support in *Rappoport*, which ordered severance based in significant part on the fact that claims against various defendants arose out of separate allegedly infringing works. *Rappoport*, 16 F.Supp.2d at 496. Furthermore, the Court is not persuaded by Plaintiffs' argument that its infringement counts are properly joined because Plaintiffs suffered the same harm in each instance. According to this logic, a copyright plaintiff could join as defendants any otherwise unrelated parties who independently copy material owned by the plaintiff.

■ Even if the counts in Plaintiffs' complaint arose from the same series of occurrences, the Court would exercise the discretion afforded it to order a severance to avoid causing unreasonable prejudice and expense to Defendants and to avoid a great inconvenience in the administration of justice. *See* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1652 (3d ed. 2001) ("[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay."); *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2nd Cir.1968) (severance without a finding of improper joinder). As a practical matter, this case is unmanageable in its current form. Because this Court's courtroom would

seat only a small fraction of Defendants and their attorneys, it cannot even hold a hearing on the motions currently pending; it cannot host a management conference; it certainly cannot try all—or even most—of the Plaintiffs' counts together. If joined in one action, hundreds of Defendants will be subjected to an overwhelming onslaught of materials and information unrelated to the specific claims against them—all of which they must pay their attorneys to review.

The Court therefore finds that Defendants are misjoined to the extent that Plaintiffs have asserted claims against them arising out of separate instances of sampling. Because each allegedly infringing song represents a single occurrence, however, Defendants named in each separate count are properly joined with each other. Thus, the Plaintiffs' 477 copyright infringement counts shall be severed. *See* Fed.R.Civ.P. 21.

Based on the above, it appears that the severed copyright infringement counts should proceed separately as 477 individual cases. It further appears that the claims in counts 478–480 and 486 (declaratory and injunctive relief) and 481–484 (state law claims for breach of contract, negligence and Tennessee Consumer Protection Act) should be severed and consolidated with the claims asserted against each respective Defendant in the newly severed infringement counts.[2] However, in order to give all parties, including non-moving parties, a full opportunity to comment on how severance shall be accomplished, the parties shall have until July 31, 2001, to submit supplemental briefs on the most appropriate method for severance. Finally, as a result of the Court's determination, Defendants' Rule 8 motions are now moot.

### III. *Conclusion*

For the reasons described above, Defendants' Motions for Severance are granted, and Defendants' Motions to Strike or Dismiss Plaintiffs' Complaint are denied. By July 31, 2001, the parties shall submit supplemental briefs on the most appropriate method for severance.

2. Count 485 was dismissed by Order (Docket No. 331) entered on July 19, 2001. Motions to Dis-

The Clerk is directed to serve this Memorandum on the Defendants who filed the above Motions, the Plaintiffs, and as directed in the Order (Docket No. 2) entered on May 8, 2001. The Clerk shall also post this Memorandum on the Court's website (*http://www.tnmd.uscourts.gov/*).

It is so ORDERED.

miss counts 481 and 482 are pending before the Court (Docket Nos. 163 and 165).