### In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.

#### MDL No. 1038.

United States District Court,
E.D. Texas,
Beaumont Division.

Oct. 4, 1996.

---

5. 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

6. *American Pipe*, 414 U.S. at 554, 94 S.Ct. at 766–67.

7. *Id.* at 555, 94 S.Ct. at 767.

Chris Parks of Parker, Parks & Rosenthal, Port Arthur, TX, Roger Brosnahan of Brosnahan, Joseph & Suggs, Minneapolis, MN, Turner Branch, Branch Law Firm, Albuquerque, NM, for Plaintiff.

John W. Vardaman, F. Lane Heard III, Steve Farina of Williams & Connolly, Washington, DC, Paul W. Gertz, Larry Germer, Tonya Connell Adams of Germer & Gertz Beaumont, TX, for Defendant.

*ORDER DENYING DEFENDANTS' MOTION TO CLARIFY ORDER LIMITING THE NUMBER OF PLAINTIFFS PER CASE*

SCHELL, Chief Judge.

This matter is before the court on Defendants' Motion to Clarify Order Limiting the Number of Plaintiffs Per Case that was filed on September 13, 1996. Plaintiffs filed a response on September 24, 1996. Counsel on behalf of certain intervenors filed a response on September 27, 1996. Defendants filed a reply on October 1, 1996. Upon consideration of the motion, responses, reply, and applicable law, the court is of the opinion that Defendants' motion should be DENIED.

In its motion, Defendants request that the court (1) clarify its August 15, 1996 order limiting the number of Plaintiffs per case to require that Plaintiffs in each case satisfy the requirements of Federal Rule of Civil Procedure 20(a) and (2) deny all pending motions to intervene that fail to meet those requirements.[1] Specifically, Defendants request that the court require that "plaintiffs in each case satisfy the requirements of Rule 20(a) by joining only those plaintiffs who had the Norplant System inserted by the same medical provider or at the same medical facility."[2] While the court agrees that Plaintiffs must satisfy the requirements of Rule 20(a) for purposes of the initial filing of cases, the court does not agree with Defendants' suggested standard of compliance or that Rule 20(a) applies to motions for intervention.

### PERMISSIVE JOINDER UNDER RULE 20(a)

Rule 20(a) provides in pertinent part:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the *same transaction, occurrence, or series of transactions or occurrences* and if any question of law or fact common to all these persons will arise in the action.[3]

Permissive joinder under Rule 20 is but one example in the Federal Rules of Civil Procedure reflecting that, "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties[, and the] joinder of claims, parties and remedies is strongly en-

---

1. Mem. in Supp. of Mot. to Clarify Order Limiting the Number of Pls. Per Case at 1.

2. *Id.* at 8–9 (stating that Norplant Plaintiffs should be required to meet a standard similar to the one imposed by Judge Bechtle in *In re Orthopedic Bone Screw Products Liability Litigation*, 1995 WL 428683 (E.D.Pa. July 17, 1995)).

3. FED.R.CIV.P. 20(a) (emphasis added).

couraged." [4] The purpose of Rule 20 specifically is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." [5] Rule 20(a), however, requires that "the parties to be joined must first show that their claims arose out of the same transaction or occurrence, or series thereof, and, secondly, that a question of law or fact common to all joined parties will arise." [6]

To satisfy the "same transaction" prong of Rule 20(a), Defendants rely on Judge Bechtle in *In re Bone Screw Products Liability Litigation* [7] to support their contention that "joined plaintiffs or plaintiff-intervenors in any case should be women who allege that they had the Norplant System inserted by the same physician/provider or at the same medical facility." [8] The Plaintiffs point out, however, that in this Norplant litigation, "the same transaction, occurrence or series of transactions or occurrences" requirement of Rule 20(a) is met by their allegation that Defendants, in the same series of acts and omissions specified in sealed Exhibit A, failed in their nationwide promotional materials to adequately warn Plaintiffs of the risks and severity of side effects associated with the use of Norplant. The Plaintiffs contend that the Defendants' liability under theories of negligence, misrepresentation, and fraud arises out of the same series of occurrences wherein Defendants failed to adequately warn Plaintiffs, thus satisfying Rule 20(a). [9] Further, Plaintiffs satisfy the "common question" prong of Rule 20(a) given that common questions of law or fact exist in Plaintiffs' allegations of negligence, misrepresentation, and fraud arising out of the alleged series of acts and omissions committed by Defendants. [10]

## PERMISSIVE INTERVENTION UNDER RULE 24(b)

In addition to finding that the Plaintiffs have satisfied the requirements of Rule 20(a), the court is of the opinion that while initially filed complaints joining multiple plaintiffs must comply with the requirements of Rule 20(a), permissive plaintiff-intervenors need only comply with the less stringent requirements of Rule 24(b). [11] In *Stallworth v. Monsanto Co.,* [12] the Fifth Circuit stated that:

Determining whether an individual should be permitted to intervene is a two-stage process. First, the district court must decide whether "the applicant's claim or defense and the main action have a *question of law or fact in common.*" If this threshold requirement is met, then the district court must exercise its discretion in decid-

---

4. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

5. *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1332 (8th Cir.1974) (citation omitted).

6. *Bone Screw,* 1995 WL 428683, at *1.

7. 1995 WL 428683, *1 (E.D.Pa. July 17, 1995) (concluding that the "transaction or occurrence" requirement of Rule 20 is satisfied by permitting joinder of plaintiffs who underwent surgery in the same hospital or medical institution with the same manufacturer's device).

8. Mem. in Supp. of Mot. to Clarify Order at 8.

9. *See* Pls.' Mem. in Opp'n to Mot. to Clarify Order Limiting the Number of Pls. Per Case at 4–5 (referencing Pls.' Answers to Interrogs. Nos. 26, 28–34 and MDL deposition exhibits attached as Exhibits A and B); *see also Hanley v. First Investors Corp.,* 151 F.R.D. 76, 79–80 (E.D.Tex.

1993) (discussing the "logical relationship" analysis under Rule 20(a)).

10. From a cursory review of a pending motion to intervene (Case No. 1:95–CV–5173), the court lists the following few examples of potential common questions of law and fact:
   a. Whether Defendants designed, manufactured, distributed, marketed, and/or sold a defective product;
   b. Whether the use of Norplant causes injury;
   c. Whether Defendants are strictly liable for the sale of a defective product; and
   d. Whether Defendants acted negligently in promoting and selling Norplant and the Norplant kit system.

11. Rule 24(b) provides in pertinent part: "[u]pon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common." FED. R.CIV.P. 24(b)(2).

12. 558 F.2d 257 (5th Cir.1977).

ing whether intervention should be allowed.[13]

Given the clear wording of Rule 24(b), Defendants' request to apply the more stringent standard of 20(a) to pending motions to intervene should be DENIED.

### CONCLUSION

Therefore, Defendants' Motion to Clarify Order Limiting the Number of Plaintiffs Per Case requesting that joined Plaintiffs or Plaintiff–Intervenors in each case be grouped according to those Plaintiffs who had the Norplant system inserted by the same physician or at the same medical facility is hereby DENIED. It is ORDERED, however, that joined Plaintiffs or Plaintiff–Intervenors in any single case must be represented by the same counsel and must have had their implantation of Norplant performed in the same state.

---

**13.** *Id.* at 269 (emphasis added) (citations omitted).