**Willie Mae MARBLE, Plaintiff,**

v.

**AMERICAN GENERAL LIFE AND AC-CIDENT INSURANCE COMPANY, et al., Defendants.**

**Civil Action No. 4:97CV194–D–B.**

United States District Court,
N.D. Mississippi,
Greenville Division.

Jan. 22, 1998.

Pat M. Barnett, Jr., Barrett Law Offices, Lexington, MS, Richard H. Taylor, Jackson, Taylor & Martino, Mobile, AL, for Plaintiff.

Steven H. Begley, Kelly D. Simkins, Wells, Wells, Marble & Hurst, Jackson, MS, for Defendant American General Life and Acc. Ins. Co., Gulf Life Ins. Co.

Helen J. Alford, Carr, Alford, Clausen & McDonald, LLC, Mobile, AL, for Combines Ins. Co. of America.

Michael A. Heilman, McGlinchey Stafford, Jackson, MS, for Capitol Mut. Ins. Co.

Richard M. Edmonson, Edmonson, Biggs, Mozingo & Holbrook, P.A., Jackson, MS, Steven H. Begley, Kelly D. Simkins, Wells, Wells, Marble & Hurst, Jackson, MS, for Physicians Mut. Ins. Co.

Richard M. Edmonson, Edmonson, Biggs, Mozingo & Holbrook, P.A., Jackson, MS, for Thomas Leon White.

F. Edwin Henson, III, Upshaw, Williams, Biggers, Beckham & Riddick, Greenwood, MS, for Charles Milton.

H.D. Brock, Whittington, Brock, Swayze & Dale, Greenwood, MS, for Bobby Childers, Sr.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

Pending before this court are the Plaintiff's "Motion to Remand and Tax Costs" and the defendants' "Motion for Severance of Claims" and "Motion to Stay." After carefully considering said motions, as well as the responses thereto, this court finds that the motion to remand should be granted but that no costs should be taxed, and that the motion for severance of claims and the motion to stay should be denied as moot.

### I. Background

The defendants include four insurance companies, two individuals, and other, unnamed defendants.[1] One of the insurance companies, Capitol Mutual Insurance Company (Capitol), as well as the individual defendants, are citizens of Mississippi. The Plaintiff Willie Mae Marble is also a citizen of Mississippi. On or about September 16,

---

1. The Complaint also listed as defendants Physicians Mutual Insurance Company and its employee Thomas Leon White. These defendants have been voluntarily dismissed. *Marble v. American Gen. Life and Accident Ins. Co.*, Civil Action No. 4:97cv194–D–B (N.D.Miss. Dec. 11, 1997) (Bogen, M.J.) (dismissing defendants Physicans Mutual Insurance Company and Thomas Leon White). The remaining named defendants are American General Life and Accident Insurance Company, Gulf Life Insurance Company, Combined Insurance Company of America, Capitol Mutual Insurance Company, Charles Milton and Bobby Childers, Sr.

1997, the Plaintiff brought this action against the defendants in the Circuit Court of Leflore County, Mississippi. On October 17, 1997, the defendants filed in this court their Joint Notice of Removal based upon diversity jurisdiction. On November 10, 1997, the Plaintiff filed the Motion to Remand and Tax Costs. Along with their response to the Plaintiffs' motion, the Defendants' filed the Motion for Severance of Claims and the Motion to Stay.

## II. Discussion

### Motion to Remand

The Judiciary Act of 1789 provides in pertinent part, " [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending...." 28 U.S.C. § 1441(a). The Act further provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different states...." 28 U.S.C. § 1332(a) (providing requirements for "diversity jurisdiction"). Courts interpret the phrase "citizens of different states" to require complete diversity between the parties. *E.g., Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.,* 99 F.3d 746, 751 (5th Cir.1996). For example, since the Plaintiff is a citizen of Mississippi, this court does not have diversity jurisdiction to hear this cause if any defendant is also a citizen of Mississippi.

■ Here three of the defendants are citizens of Mississippi. However, this fact will not defeat diversity jurisdiction if the Mississippi defendants were fraudulently joined. *E.g., Rodriguez v. Sabatino,* 120 F.3d 589, 591 (5th Cir.1997). As the Fifth Circuit has warned, though,

> A party invoking the removal jurisdiction of the federal courts bears a heavy burden. To prove that non-diverse parties have been fraudulently joined in order to defeat

diversity, the removing party must demonstrate either 'outright fraud in the plaintiff's recitation of jurisdictional facts,' or that 'there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.'

*Rodriguez,* 120 F.3d at 591 (citations omitted). "In reviewing a claim of fraudulent joinder, the district court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff." *Sid Richardson,* 99 F.3d at 751.

In their notice of removal, the defendants asserted that the Plaintiff fraudulently joined Capitol and the individual defendants. Joint Notice of Removal, ¶ VII. Specifically regarding Capitol, the defendants argued, "Based on information and belief, Capitol Mutual has not issued a policy of insurance to the Plaintiff." *Id.* at ¶ VIII. Therefore, the defendants argued, there is no possibility that the plaintiff could establish a cause of action against the Capitol.

However, after filing their notice of removal, the defendants changed their position regarding Capital. In their response to the Motion to Remand, the defendants referred to the "health insurance policies issued by *Capitol Mutual,* Gulf Life, and Combined...." Response and Memorandum Brief, p. 14 (emphasis added). Further, attached to the response, the defendants submitted an affidavit in which one of the defendants' attorneys explained how the defendants originally took the position that Capitol had issued no policy to the Plaintiff:

> Sometime in late September or early October, 1997, I contacted Robert Mortimer regarding the [present] action. Robert Mortimer was the President of Capitol Mutual Insurance Company at that time. I asked him to determine if any policies had ever been issued by Capitol Mutual Insurance Company to Willie M. Marble. He represented to me that after reviewing the Company's computerized master policy list, he found no reference to policies having been issued to Willie M. Marble....

Affidavit of Kelly D. Simpkins [2], ¶¶ 3, 4. Referring to this affidavit, the defendants then

---

**2.** Mr. Simpkins represents American General Life and Accident Insurance Company and Gulf

stated that they "reasonably believed that Capitol Mutual had not issued any policies to the Plaintiff...." Response and Memorandum Brief, p. 19. Evidently, then, the defendants now concede that Capitol, a citizen of Mississippi, issued an insurance policy to the Plaintiff.

Since the argument that Capitol issued no such policy was the defendants' principal argument that the Plaintiff fraudulently joined Capitol, the defendants now fail to meet their "heavy burden" in asserting that complete diversity exists between the parties. Accordingly, this court does not have diversity jurisdiction to hear this cause, and the Plaintiff's Motion to Remand must be granted.

■ Incidentally, the defendants also argue that the Plaintiff has improperly joined the defendants under Rule 20 of the Federal Rules of Civil Procedure,[3] and that such misjoinder constitutes fraudulent joinder. In so arguing, the defendants cite a recent case in which the Eleventh Circuit held that misjoinder may be "so egregious as to constitute fraudulent joinder." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). In *Tapscott*, the plaintiffs sued in state court twenty-nine defendants for common law and statutory fraud and civil conspiracy arising from the sale of service contracts. *Tapscott*, 77 F.3d at 1355. Some of the defendants had entered service contracts regarding automobiles, while other defendants had entered service contracts regarding "retail products." *Id.* The "automobile" defendants were of non-diverse citizenship from the plaintiffs. *Id.* at 1360 n. 16. However, the "retail products" defendants were of diverse citizenship from the plaintiffs. *Id.* at 1359–60. Hence, the "retail products" defendants removed the case to federal court and filed a motion to sever the claims against them from the claims against the non-diverse defendants. *Id.* at 1355. The United States District Court for the Northern District of Alabama granted the defendants' motion to sever, and the Eleventh Circuit affirmed, holding that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Id.* at 1355, 1360. Explaining the decision, the Eleventh Circuit stated that the "automobile" defendants had "no real connection" with the "retail products" defendants. *Id.* at 1360. Therefore, the plaintiffs' "attempt to join these parties [was] so egregious as to constitute fraudulent joinder." *Id.*

In so holding, however, the Eleventh Circuit cautioned, "We do not hold that mere misjoinder is fraudulent joinder...." *Id.* Following this cautionary stance, two district courts in the Fifth Circuit recently distinguished *Tapscott* and refused to find fraudulent joinder in the plaintiff's choice to join certain defendants. *See Ren–Dan Farms, Inc. v. Monsanto Co.*, 952 F.Supp. 370, 376–77 (W.D.La.1997) (noting that Fifth Circuit Court of Appeals has not yet addressed *Tapscott* argument); *Scott v. The American Tobacco Co.*, 959 F.Supp. 340, 344 (E.D.La. 1996). This court finds *Tapscott* distinguishable from the facts at bar as well. Here, the Plaintiff is suing four insurance companies and two individuals for improperly issuing policies. Admittedly, the policies were separate policies, and the Plaintiff purchased them at separate times. However, one of the aspects of the sales of these polices of which the Plaintiff complains is that they provided redundant and excessive coverage, and to that extent the sale of each policy may be related to the sales of the others. Further, in *Tapscott* "particular plaintiffs [were] matched with particular defendants against whom they alleged individual claims." *Tapscott*, 77 F.3d at 1359. Here, on the other hand, one plaintiff alleges claims against all the defendants. Hence it cannot be said that there is "no real connection" between the defendants. As such, this court finds the *Tapscott* decision factually distinguishable and therefore unpersuasive. In so finding, of

---

**3.** Rule 20 provides in pertinent part,

All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a).

course, this court does not address whether the joinder of the defendants was proper under Rule 20. This court only holds that the joinder of the defendants in this case, whether proper or improper under Rule 20, was not so egregious as to constitute fraudulent joinder.

Costs and Fees Under 28 U.S.C. § 1447(c)

■ The removal statutes provide in pertinent part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. . . ." 28 U.S.C. § 1447(c). In determining whether to award fees, this court must address "the propriety of the defendant's removal." *Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir.1993). To do so this court must look to "the complaint at the time the petition for removal was filed." *Miranti,* 3 F.3d at 928; *Avitts v. Amoco Prod. Co.,* 111 F.3d 30, 32 (5th Cir. 1997).

The Plaintiff argues that the defendants "improperly misinformed the Court that Plaintiff was not insured by [Capitol,] a non-diverse defendant. . . ." Motion to Remand and Tax Costs, p. 8. Hence, the Plaintiff seeks "just costs and actual expenses incurred as a result of the removal, including attorney fees." *Id.* The defendants respond as follows:

> If the Court were inclined to remand this case, because Capitol Mutual did in fact issue policies to the Plaintiff, she would not be entitled to costs associated with the prosecution of the Motion to Remand, since the Removing Defendants acted in good faith in removing this case.

Response and Memorandum Brief, p. 20. The defendants acted in good faith, they contend, because they relied on the President of Capitol,[4] who stated that Capitol had not issued a policy to the Plaintiff. *See* Affidavit of Kelly D. Simpkins. Hence, the defendants argue, they possessed evidence on which they reasonably relied that there was no policy with Capitol. Further, the defendants argue,

the Plaintiff is responsible, to some degree, for the Removing Defendants' reasonable belief that Capitol Mutual had not issued any policies to the Plaintiff. Although required under Rule 10(d) of the Mississippi Rules of Civil Procedure, the Plaintiff did not attach to her Complaint any of the policies upon which her Complaint is based.

Response and Memorandum Brief, p. 20.

Without expressing an opinion as to whether the defendants have correctly stated the Plaintiff's duties under Rule 10(d) of the Mississippi Rules of Civil Procedure, this court finds that no costs should be taxed in this instance. On the basis of some investigation, the defendants concluded that Capitol had not issued a policy to the Plaintiff. While the investigation was not exhaustive, it was enough that this court declines to exercise its discretion to sanction the defendants under 28 U.S.C. § 1447(c).

### Motions to Be Denied as Moot

As discussed above, this court does not have subject matter jurisdiction over this cause and is granting the Plaintiff's Motion to Remand it to the Circuit Court of Leflore County, Mississippi. Accordingly, this court denies as moot both the defendants' motion to sever and the defendants' motion to stay.

### III. Conclusion

This court finds the Plaintiffs' Motion to Remand well-taken and shall grant it. This court has no subject matter jurisdiction over the present cause. At least one of the defendants, Capitol, is a citizen of the same state as the Plaintiff, and the joinder of the defendants, whether proper or improper under Rule 20, is not so egregious as to constitute fraudulent joinder. Also, this court finds the Plaintiffs' Motion to Tax Costs not well-taken and shall deny it. Finally, this court finds moot both the defendants' Motion for Severance of Claims and the Motion to Stay and shall deny them.

---

**4.** Capitol did not join in the Joint Notice of Removal. The removing defendants were American General Life and Accident Insurance Company, Gulf Life Insurance Company, and Physicians Mutual Insurance Company, as well as Charles Milton and Bobby Childers, Sr., who later joined in the Joint Notice of Removal.

A separate order in accordance with this opinion shall issue this day.