Lillie JOHNSON, Cynthia O'Quinn, Beverly Metzler, George A. Dunkley, June Acosta and Georgia Allen, Plaintiffs,

v.

GLAXO SMITH KLINE, f/k/a Glaxo Wellcome, Inc., a North Carolina Corporation, David Headley, M.D., a Mississippi Physician, Charles Borum, M.D., a Mississippi Physician, Joseph N. Bailey, III, M.D., a Mississippi Physician, and Bankston Drugs, a Mississippi Pharmacy, Defendants.

Civ.A. No. 5:01–CV–160.

United States District Court,
S.D. Mississippi,
Western Division.

March 29, 2002.

Mark W. Davis, Marjorie Alice Windham, Davis & Feder, Gulfport, MS, for plaintiffs.

William F. Goodman, III, Mildred M. Morris, Susan Latham Steffey, Joseph Jason Stroble, Watkins & Eager, Jackson, MS, L. Carl Hagwood, Campbell, Delong, Hagwood & Wade, Greenville, MS, Whitman B. Johnson, III, Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, John G. Wheeler, Mitchell, McNutt & Sams, Tupelo, MS, Luke Dove, Dove & Chill, Jackson, MS, for defendants.

## MEMORANDUM OPINION AND ORDER

BRAMLETTE, District Judge.

This cause is before the Court on the plaintiffs' motion to remand (**docket entry 7**). Also pending is defendant Joseph N. Bailey, III, M.D.'s motion to sever (**docket entry 5–1**) and to change venue (**docket entry 5–2**), which is not properly before the Court at this time. Having carefully considered the plaintiff's motion, the response, briefs, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

In March of 2001, the plaintiffs commenced this action by filing a Complaint in the Circuit Court of Jefferson County, Mississippi. The plaintiffs seek damages for physical and emotional injuries claimed to have been proximately caused by their ingestion of the prescription drug Lotronex, intended for the treatment of irritable bowel syndrome. They have sued the manufacturer of Lotronex, Glaxo SmithKline, f/k/a Glaxo Wellcome, Inc. (the corporate entity is presently known as SmithKline Beacham Corporation, and will be referred to as "SKB"), for strict liability, negligence, breach of warranty, and negligent misrepresentation. They have also sued Bankston Drugs ("the pharmacy defendant") for negligent misrepresentation, and doctors Headley, Borum and Bailey ("the physician defendants") for medical malpractice. Although SKB is a foreign corporation

organized under the laws of Pennsylvania with its principal place of business in a state other than the state of Mississippi, the pharmacy defendant and physician defendants are all Mississippi residents.

■ SKB timely removed the case to federal court. In its Notice of Removal, SKB contends that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Although the plaintiffs, pharmacy defendant and physician defendants are Mississippi residents, SKB claims that the Court can properly exercise diversity jurisdiction over this matter because the plaintiffs fraudulently joined the pharmacy defendant, and fraudulently misjoined three of the plaintiffs' claims against physician defendants with the remaining three plaintiffs whose claims do not name a physician defendant. The plaintiffs filed the instant motion to remand, stating that they did not fraudulently join any of the defendants, and that joinder of the plaintiffs, proper under Mississippi law, does not constitute fraudulent misjoinder. The federal removal statute permits a defendant in a state court action to remove the lawsuit to federal district court if federal subject matter jurisdiction existed when the complaint was initially filed. 28 U.S.C. § 1441(a); *see Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1546 (5th Cir.1991). In other words, removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *Id.*

A federal district court may assert jurisdiction in a case involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a). The sufficiency of the jurisdictional amount is not in dispute in this case. Diversity jurisdiction requires that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Complete diversity is ordinarily required in cases based on diversity of citizenship under § 1332. This requirement advances the aim of diversity jurisdiction, which is to protect out-of-state litigants against possible prejudice in favor of a local litigant. *J.A. Olson Company v. City of Winona, Mississippi*, 818 F.2d 401, 404 (5th Cir.1987).

■ A federal district court may remand a case to state court if it finds that it lacks proper subject matter jurisdiction. 28 U.S.C. § 1447(c). In considering disputes concerning jurisdiction, a "district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1203 (D.R.I.1986). A removing defendant bears the burden of demonstrating that jurisdiction properly lies with the district court, and that removal was, indeed, proper. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995); *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815 (5th Cir.1993); *Scott v. Communications Services*, 762 F.Supp. 147, 149 (S.D.Tex.1991). The removing party's responsibility "extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation–Chemical Group*, 520 F.Supp. 825, 827 (S.D.Tex.1981). A defendant's failure to satisfy this burden requires remand. Furthermore, when doubt exists as to the right to removal in the first instance, ambiguities are to be construed against removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979); *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D.Tex.1992); *see also, Fellhauer v. Geneva*, 673 F.Supp. 1445, 1447 (N.D.Ill. 1987).

■ When the parties are diverse and the amount in controversy is sufficient, a defendant has the statutory right to remove an action from state court and maintain the suit in federal court. *See* 28 U.S.C. § 1332(a). Where diversity jurisdiction otherwise exists, it "cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Thus, when determining whether complete diversity exists, courts shall disregard the citizenship of fraudulently joined defendants. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).

In the instant case, SKB asserts that the plaintiffs fraudulently joined the non-diverse

pharmacy defendant for the purpose of defeating diversity jurisdiction. However, § 1441(b) requires that *"none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"* (emphasis added). Even if the pharmacy defendant has been fraudulently joined, this Court does not have jurisdiction unless each of the physician defendants has also been fraudulently joined. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549–50 (5th Cir.1981) ("if there is even a possibility that a state court would find a cause of action stated against *any one of the named in-state defendants* on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts") (emphasis added). Therefore, the Court shall simply disregard the citizenship of the pharmacy defendant without deciding if it was fraudulently joined, and move directly to the three physician defendants.

■ "[T]he burden of proving that a plaintiff fraudulently joined non-diverse defendants is heavy," and requires removing defendants to prove fraudulent joinder by clear and convincing evidence. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983); *see also Jernigan v. Ashland Oil*, 989 F.2d 812, 814 (5th Cir.1993). In order to establish that a plaintiff fraudulently joined a party, the removing party must demonstrate either that no possibility exists that the plaintiff would be able to establish a cause of action against the non-diverse defendant under state law or that an outright fraud exists in the plaintiffs' pleading of the facts. *Id.* In this case, SKB bears the responsibility of demonstrating by clear and convincing evidence that the plaintiffs cannot establish any cause of action against any of the physician defendants under Mississippi law or, alternatively, that the plaintiffs fraudulently pled the facts included in their complaint. "[A] joinder is fraudulent if the facts asserted with respect to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis existed for any honest belief on the part of the plaintiff that there was joint liability." *Bolivar v. R & H Oil & Gas Co., Inc.*, 789 F.Supp. 1374, 1376–

77 (S.D.Miss.1991). All ambiguities in the controlling law of a state must be resolved in favor of the plaintiff. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990). The Fifth Circuit has made it abundantly clear, and the Court is mindful of the fact, that the district court need "not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so." *Dodson*, 951 F.2d at 42.

■ In this case, SKB does not argue that none of the plaintiffs can establish a cause of action against any of the physician defendants. Instead, SKB argues that the *some* of the plaintiffs "have fraudulently misjoined non-diverse physician Defendants against whom they have no claims." (SKB's Brief, pp. 1–2). Two of the plaintiffs are suing only SKB. One plaintiff is suing only SKB and the pharmacy defendant. The remaining three plaintiffs are suing SKB and one physician defendant each. SKB asserts that "[t]he fraudulent misjoinder of claims that four Plaintiffs assert against their respective Mississippi physicians or pharmacy with claims that two Plaintiffs assert against a diverse defendant cannot defeat diversity jurisdiction." (*Id.*, p. 14).

Since the Court is disregarding the citizenship of the pharmacy defendant for purposes of this motion, it will also assume that only three of the six plaintiffs assert claims against a non-diverse defendant. SKB claims that "[t]he Plaintiffs who assert no connection with non-diverse defendants wish to defeat diversity jurisdiction by taking advantage of another Plaintiff's claim against a non-diverse Defendant, notwithstanding that their claims are wholly unrelated. This tactic amounts to fraudulent misjoinder to defeat diversity jurisdiction." (*Id.*, p. 15).

SKB relies on the Eleventh Circuit case of *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996), *abrogated on other grounds, Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir.2000), in support of its argument that the three plaintiffs' claims against the non-diverse physician defendants were "fraudulently misjoined." The Eleventh Circuit held that misjoinder may be "so egre-

gious as to constitute fraudulent joinder." *Id.* at 1360.

In *Tapscott*, the plaintiffs sued twenty-nine defendants in state court for common law and statutory fraud and civil conspiracy arising from the sale of extended service contracts. *Id.* at 1355. Some of the defendants had entered service contracts regarding automobiles, while other defendants had entered service contracts regarding "retail products." *Id.* There was no connection between the extended service contracts on retail products and those on automobiles. The "automobile" defendants were of non-diverse citizenship from the plaintiffs. *Id.* at 1360 n. 16. However, the "retail products" defendants were of diverse citizenship from the plaintiffs. *Id.* at 1359–60. The "retail products" defendants removed the case to federal court and filed a motion to sever the claims against them from the claims against the non-diverse "automobile" defendants. *Id.* at 1355. The United States District Court for the Northern District of Alabama granted the motion to sever and denied the plaintiffs' motion to remand as to the severed diverse defendants. The Eleventh Circuit affirmed, holding that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." *Id.* at 1355, 1360. The court explained that since the "automobile" defendants had no real connection to the "retail products" defendants, the plaintiffs' "attempt to join these parties [was] so egregious as to constitute fraudulent joinder." *Id.* The Eleventh Circuit cautioned, "[w]e do not hold that mere misjoinder is fraudulent joinder . . . ." *Id.*

The Court notes that the Fifth Circuit has not addressed the issue of whether misjoinder of parties and claims can constitute fraudulent joinder. However, district courts in the Fifth Circuit have distinguished *Tapscott* and refused to find fraudulent joinder in the plaintiffs' choice to join certain defendants. *See Marble v. American General Life and Accident Ins. Co.,* 996 F.Supp. 571 (N.D.Miss.1998); *Ren–Dan Farms, Inc. v. Monsanto Co.,* 952 F.Supp. 370, 376–77 (W.D.La.1997); *Scott v. American Tobacco Co.,* 959 F.Supp. 340, 344 (E.D.La.1996).

Without commenting on the logic of the "procedural misjoinder" rule adopted in *Tap-*

*scott*, the Court notes that *Tapscott* is factually distinct. The *Tapscott* case involved claims against two different groups of defendants by two different groups of plaintiffs. There was no "real connection" between the two groups. In effect, two entirely distinct lawsuits had been merged into one, the only link between them being the invocation of Alabama's fraud statute. *Tapscott,* 77 F.3d at 1360.

In the instant case, it cannot be said that the physician defendants have "no real connection" with SKB. All the plaintiffs share a common defendant, SKB, and all assert common claims against SKB, including a negligent misrepresentation claim in which it is alleged that SKB represented that Lotronex was safe and its risks negligible, with knowledge of the falsity of the statement. The malpractice claims against the three doctors also include allegations of failure to advise plaintiffs of risks of use of Lotronex, with knowledge of its serious and life-threatening side effects. Thus, there is a palpable connection between the claims against SKB and the claims against the physicians. Even if this Court were to adopt the holding of *Tapscott*, which it does not, the instant case does not present an example of fraudulent misjoinder. Therefore, the Court need not address whether joinder was proper under Fed. R.Civ.P. 20. *See Marble,* 996 F.Supp. at 574–75. Similarly, SKB's request for a severance is a matter for the state court to decide.

SKB cites, in a supplement to its brief, the recent case of *In re Rezulin Products Liability Litigation,* 168 F.Supp.2d 136 (S.D.N.Y. 2001). This case encompasses eight of the hundreds of Rezulin cases consolidated for pretrial proceedings by the Judicial Panel on Multidistrict Litigation. In one of the eight cases, *Polehouse v. Parke–Davis,* No. 01 Civ. 971, several plaintiffs sued in Mississippi state court alleging claims against the drug manufacturers. Only one of the plaintiffs, Dupree, named as an additional defendant a home health care provider which she alleged negligently administered Rezulin to her after its withdrawal from the market. The defendants removed the case to federal court, and argued that the plaintiffs alleging claims

against the drug manufacturers only had been misjoined with plaintiff Dupree. *Id.* at 146. The court examined the plaintiffs' claims pursuant to Rule 20, which provides, in part:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action.

Fed.R.Civ.P. 20(a). The court found:

The plaintiffs in *Polehouse* allege a defect (or defects) the precise contours of which are unknown and which may have caused different results—not merely different injuries—in patients depending on such variables as exposure to the drug, the patient's physical state at the time of taking the drug, and a host of other known and unknown factors that must be considered at trial with respect to each individual plaintiff. They do not allege that they received Rezulin from the same source or that they were exposed to Rezulin for similar periods of time.... [T]hey do not allege injuries specific to each of them so as to allow the Court to determine how many plaintiffs, if any, share injuries in common. Joinder of "several plaintiffs who have no connection to each other in no way promotes trial convenience or expedites the adjudication of asserted claims."

*Id.* at 146 (footnotes and citations omitted).

The court noted, however, that "[a]lthough misjoinder is a ground for dismissal or severance of an improperly joined party, the vast majority of courts confronting the issue on remand motions have found that misjoinder of a party with a unique claim against a non-diverse adversary is not alone a basis for remand." *Id.* The court then discussed the *Tapscott* case. The court distinguished *Tapscott* on the same basis that this Court has distinguished it: *Tapscott* involved two different sets of plaintiffs and defendants, rather than plaintiffs who had at least one defendant in common. *Id.* at 147. However, having distinguished *Tapscott*, the court then decided that a severance was justified, and that the defendants' right to removal outweighed the plaintiffs' cost and efficiency benefits. *Id.*

Here, all plaintiffs arguably assert at least one claim in common against the drug manufacturers. Nevertheless, it is clear that the joinder of plaintiff Dupree in particular destroys diversity. While it may not rise to the level of egregious misjoinder in the sense that Dupree's claims have at least an empirical, if not a transactional, relationship to the claims of all the other plaintiffs, it is not clear why the standard used in *Tapscott* with respect to misjoined defendants necessarily applies to misjoined plaintiffs. Arguably a plaintiff's right to choose among defendants and claims—the principal reason for imposing a strict standard of fraudulent joinder to effect removal—is not compromised where claims of co-plaintiffs are severed or dismissed.

*Id.*

The court then applied the same logic to *Bell v. Warner–Lambert Co.*, No. 01 Civ. 973, another Mississippi action, in which eleven plaintiffs sued the drug manufacturer, but only five of the eleven also sued their physicians. The court found:

Because the five plaintiffs with allegations against their physicians allege a specific source of Rezulin, as well as a specific series of occurrences that led to their injuries, that is different from the series of occurrences related to the injuries of the remaining six plaintiffs, they have been misjoined.... Because the misjoinder of the five plaintiffs with claims against non-diverse physicians would destroy complete diversity, the Court will sever those five actions so as to preserve the defendants' right to removal in the remaining actions.

*Id.* at 148.

This Court declines to follow the reasoning of the *In re Rezulin* case. Since the Court has found that the physician defendants were not fraudulently joined, and has found that the joinder of the plaintiffs' claims against the physicians, even if not proper, does not rise to the level of fraudulent joinder, the Court shall let the state court decide the issues of improper joinder and severance.

The Court also notes, however, that there is legal authority finding the joinder of such claims proper. In *In re Norplant Contraceptive Products Liability Litigation,* 168 F.R.D. 579 (E.D.Tex.1996), the defendants requested the district court to require that only plaintiffs who had the Norplant System inserted by the same medical provider or at the same medical facility could join the products liability litigation. The court denied the defendants' request, noting that "[p]ermissive joinder under Rule 20 is but one example in the Federal Rules of Civil Procedure reflecting that, '[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties [, and the] joinder of claims, parties and remedies is strongly encouraged.'" *Id.* at 580.

In its Rule 20(a) analysis, the court found that the "same transaction, occurrence or series of transactions or occurrences" requirement was met by the plaintiffs' allegations of negligence, misrepresentation, and fraud, including claims of failure to adequately warn the plaintiffs of the risks and severity of side effects associated with the use of Norplant. *Id.* at 581. The court further found that potential common questions of law and fact existed "in Plaintiffs' allegations of negligence, misrepresentation, and fraud arising out of the alleged series of acts and omissions committed by Defendants." *Id.*

In the recent case of *Illinois Central Railroad Company v. Travis,* 808 So.2d 928 (Miss.2002), the Mississippi Supreme Court cited *In re Norplant* with approval. *Id.* at 935–36. Applying Mississippi's counterpart to Fed.R.Civ.P. 20, the court noted that it utilized a liberal approach toward joinder on a case-by-case basis. *Id.* at 932–34.

Although this Court does not find it necessary to decide the joinder issue in this case, it does note that there is at least a possibility that the Mississippi court would find joinder proper should it be asked to decide the issue.

Since SKB has failed to demonstrate either that no possibility exists that the plaintiffs would be able to establish a cause of action against the physician defendants under Mississippi law, or that an outright fraud exists in the plaintiffs' pleading of the facts, it has not met its burden of proving fraudulent joinder. Because there is a possibility that the state court would find a cause of action against one or more of the physician defendants, their presence defeats diversity jurisdiction, and the motion to remand shall be granted. Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' motion to remand (**docket entry 7**) is GRANTED;

FURTHER ORDERED that since this Court is without jurisdiction, defendant Joseph N. Bailey, III, M.D.'s motion to sever (**docket entry 5-1**) and to change venue (**docket entry 5-2**) is DENIED WITHOUT PREJUDICE, as moot.

A separate Order remanding this action to the Circuit Court of Jefferson County, Mississippi, shall be entered.

### ORDER OF REMAND

This cause having come before the Court on the plaintiffs' motion to remand, and the Court having granted the motion in a Memorandum Opinion and Order of even date herewith; accordingly,

IT IS HEREBY ORDERED that this action is remanded to the Circuit Court of Jefferson County, Mississippi.