Judy MOORE;  et al., Plaintiffs,

v.

SMITHKLINE BEECHAM CORPORA-
TION d/b/a Glaxosmithkline;  Mar-
ilyn Kelly;  et al., Defendants.

No. 1:02CV151–D–D.

United States District Court,
N.D. Mississippi,
Eastern Division.

July 26, 2002.

Ted G. Meadows, Jon Paul Sawyer, Beasley, Allen, Crow, Methcin, Portis & Miles, PC, Montgomery, AL, for plaintiffs.

William F. Goodman, Watkins & Eager, Jackson, MS, for defendant Smithkline Beecham Corp.

William O. Luckett, Jr., Luckett Tyner Law Firm, Clarksdale, MS, for defendant Lori Horn.

## OPINION GRANTING MOTION TO REMAND

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiffs' motion to remand this matter to the Circuit Court of Prentiss County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

### A.  Factual Background

The Plaintiffs filed this action in the Circuit Court of Prentiss County, Mississippi, on March 4, 2002, alleging various causes of action arising out of their use of Lotronex, a drug manufactured by the Defendant GlaxoSmithKline that is utilized to treat irritable bowel syndrome in women. The Plaintiffs claim that Lotronex caused them to suffer from various side effects, including ischemic colitis and severe constipation.

In the complaint, the Plaintiffs allege, *inter alia*, that the Defendants' conduct renders them liable under various state law causes of action including products liability, and medical negligence. The Defendants removed the action to this court on May 6, 2002, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Plaintiffs subsequently motioned the court to remand this matter to state court.

### B.  Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defen-dants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). After removal of the case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c).

Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.,* 99 F.3d 746, 751 (5th Cir.1996). In this case, there is no serious dispute that the amount in controversy exceeds $75,000. The Plaintiffs, however, assert that the court does not possess diversity jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

The Plaintiff Judy Moore and several individual Defendants, including Marilyn Kelly, are indisputably resident citizens of Mississippi. This fact, however, will not destroy federal diversity jurisdiction if the Plaintiffs fraudulently joined all of the individual Defendants in order to defeat diversity. *Rodriguez v. Sabatino,* 120 F.3d 589, 591 (5th Cir.1997). But, if the court finds that any of the individual Defendants have not been fraudulently joined, then federal diversity jurisdiction is lacking, and the court must remand this matter to state court. *See Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir.1992) (federal diversity jurisdiction exists only if no plaintiff is a citizen of the same state as any defendant); *Wright v. Combined Ins. Co. of America,* 959 F.Supp. 356, 361 (N.D.Miss.1997).

The party alleging fraudulent joinder bears the burden of persuasion, and that burden is quite stringent. *See*

*Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir.2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a non-diverse party has been fraudulently joined by a plaintiff hoping to defeat federal diversity jurisdiction, the removing party must demonstrate either "outright fraud in the plaintiff's recitation of jurisdictional facts," or that there is "absolutely no possibility that [the plaintiff] will be able to establish a cause of action against [the allegedly fraudulently joined in-state defendant] in state court." *Hart*, 199 F.3d at 246.

■ The Defendants here do not allege outright fraud, so the court must determine whether there is absolutely no possibility that the Plaintiffs will be able to establish a cause of action against any of the individual Defendants in state court. In making this determination, the court evaluates all of the factual allegations in the Plaintiffs' pleadings in the light most favorable to the Plaintiffs, and the court examines relevant state law and resolves all uncertainties in favor of the Plaintiffs. *Hart*, 199 F.3d at 246.

Likewise, in evaluating a claim of fraudulent joinder, the court does not focus on whether the Plaintiffs will prevail on the merits of their claims. Instead, the court simply determines whether there is a possibility that the Plaintiffs will be able to state a claim against any of the allegedly fraudulently joined individual Defendants. *Rodriguez*, 120 F.3d at 591; *see also B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981) (holding that, to successfully move for remand, plaintiff's burden is "much lighter" than that required to survive motion for summary judgment; instead, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved" in order for case to be remanded).

As set forth below, the court finds that the Defendants have failed to establish that there is no possibility that the Plaintiffs will be able to state a claim against the individual Defendant Marilyn Kelly, a licensed nurse practitioner in Prentiss County, Mississippi, who prescribed Lotronex for the Plaintiff Judy Moore. Accordingly, federal jurisdiction is not present, and this cause shall be remanded to state court pursuant to 28 U.S.C. § 1447(c).

## C. Discussion

### 1. Medical Negligence

It is axiomatic that federal courts are to construe removal statutes "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir.1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings, although the court may "pierce" those pleadings in making its determination. *B., Inc.*, 663 F.2d at 549; *Wheeler v. Frito–Lay, Inc.*, 743 F.Supp. 483, 485 (S.D.Miss.1990).

In the case *sub judice*, the Plaintiffs' original complaint alleges that Marilyn Kelly committed medical negligence in prescribing the drug Lotronex to the Plaintiff Judy Moore. The Plaintiffs allege that Kelly, as a licensed nurse practitioner, knew or should have known of the dangerous side effects of Lotronex. *See* Complaint at ¶ 68. The Plaintiffs further allege that Kelly's prescribing of this medication represents a deviation from the standard of care generally exercised by nurse practitioners under like or similar circumstances, and rises to the level of medical negligence. *See* Complaint at ¶¶ 68–69.

■ Upon careful review of the parties' submissions, the court finds that the scenario set forth in the Plaintiffs' pleadings, if true, could possibly result in liability being imposed on Kelly for her alleged negligence. The Plaintiffs have sufficiently set forth specific allegations, in paragraphs 68 and 69 of the complaint, demonstrating that Kelly may have been medically negligent. *See, e.g., Miles v. Catchings Clinic,* 601 So.2d 47 (Miss. 1992) (recognizing cause of action for medical negligence under Mississippi law based on negligence in prescribing medication); *Burnham v. Tabb,* 508 So.2d 1072, 1074 (Miss.1987) (setting forth elements of claim for medical negligence under Mississippi law). Specifically, the Plaintiffs state that Kelly "knew or should have known of the dangerous side effects of [Lotronex], and her prescribing [of Lotronex] in light of such knowledge presents a deviation from the standard of care generally exercised by nurse practitioners under like or similar circumstances ..." *See* Complaint at ¶¶ 68–69. The court finds that these allegations are sufficient to potentially state a claim for medical negligence under Mississippi law.

Thus, in accordance with the above-cited authorities, the court finds that Kelly faces potential liability for her actions, and the Defendants have not demonstrated that there is absolutely no possibility that the Plaintiffs will be able to establish a cause of action against Kelly in state court. As such, the court finds that Kelly has not been fraudulently joined in this action.

### 2. Misjoinder of Plaintiffs

In addition to the preceding traditional fraudulent joinder argument, the Defendants rely on an often-discredited Eleventh Circuit opinion for the proposition that the Plaintiffs in this case are procedurally misjoined to such an egregious degree so as to constitute fraudulent joinder. *See Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir.1996), *abrogated on other grounds, Cohen v. Office Depot,* 204 F.3d 1069 (11th Cir.2000). The court finds the Defendants' argument to be wholly without merit.

In contrast to the case *sub judice, Tapscott* involved an effort to merge two entirely distinct lawsuits. One group of plaintiffs sued a set of defendants in state court for fraud arising from the sale of automobile service contracts. *Tapscott,* 77 F.3d at 1355. In the same lawsuit, another group of plaintiffs sued an entirely separate set of defendants for fraud arising from the sale of service contracts covering retail products, not automobiles. *Id.* The retail products defendants were of diverse citizenship from the plaintiffs, while the automobile defendants were non-diverse. *Id.* at 1359–60. After removal to federal court, the Eleventh Circuit affirmed the district court's denial of the plaintiffs' motion to remand, stating that because the two sets of defendants were unrelated, the plaintiffs' "attempt to join these parties [was] so egregious as to constitute fraudulent joinder." *Id.* at 1360.

The Fifth Circuit has not addressed the issue of whether misjoinder of parties, no matter how egregious, can constitute fraudulent joinder. District courts within the Fifth Circuit, however, including this court, have repeatedly distinguished and declined to follow *Tapscott. See, e.g., Marble v. American Gen. Life and Accident Ins. Co.,* 996 F.Supp. 571, 574 (N.D.Miss.1998); *Ren–Dan Farms, Inc. v. Monsanto Co.,* 952 F.Supp. 370, 376–77 (W.D.La.1997); *Scott v. American Tobacco Co.,* 959 F.Supp. 340, 344 (E.D.La.1996).

■ As was true in the above-cited cases, this case is factually distinct from *Tapscott.* The *Tapscott* case involved claims against two separate groups of defendants by two different groups of plaintiffs, with no real connection existing be-

tween the two groups. Here, all the Plaintiffs have sued a common defendant, GlaxoSmithKline, and all assert common claims against that Defendant, including a negligence claim in which it is alleged that GlaxoSmithKline continued to market Lotronex when there were alternatives methods of treatment available and opportunities for more meaningful warnings. The negligence claims against nurse practitioner Kelly also include allegations of failure to advise of the risks incurred by the use of Lotronex, with knowledge of its serious and potentially life-threatening side effects.

The court finds, therefore, that the Plaintiffs' claims are sufficiently related so as to render this case distinguishable from *Tapscott.* Accordingly, the court finds that, even if misjoinder can ever be so "egregious as to constitute fraudulent joinder," this case does not present such a situation and no fraudulent joinder has taken place in this case. *See, e.g., Johnson v. GlaxoSmithKline,* No. 5:01–CV–160–Br–S (S.D.Miss. March 29, 2002) (granting motion to remand in similar circumstances); *In re Norplant Contraceptive Prods. Liab. Litig.,* 168 F.R.D. 579 (E.D.Tex.1996) (finding joinder of plaintiffs proper when plaintiffs asserted common claims of negligence against subject device's manufacturer, despite fact that plaintiffs' devices were implanted at different times by different medical providers). The Mississippi Supreme Court recently cited *In re Norplant* with approval. *Illinois Cent. R.R. Co. v. Travis,* 808 So.2d 928, 936 (Miss.2002).

Of course, the court is not faced with and expresses no opinion as to the issue of whether joinder is proper in this case; rather, the court's task is solely to determine whether the Plaintiffs are so egregiously misjoined that fraudulent joinder has taken place (and, as stated above, the court finds that the Plaintiffs are not so egregiously misjoined). Indeed, as outlined in Section C(1) of this opinion, the court is without jurisdiction to issue a ruling on the propriety of the Plaintiffs' joinder because federal jurisdiction is not present in this cause. The court does note, however, that several recent Mississippi Supreme Court decisions make clear that there is at least a possibility that the state court would find joinder proper in this case. *See, e.g., Prestage Farms, Inc. v. Norman,* 813 So.2d 732, 735 (Miss.2002) (holding that "general philosophy [under Rule 20 of the Miss.R.Civ.P.] is to allow virtually unlimited joinder at the pleading stage ...."); *Illinois Central R.R.,* 808 So.2d at 933 (stating that Mississippi courts are to utilize "a liberal approach toward joinder"); *American Bankers Ins. Co. of Fla. v. Alexander,* 818 So.2d 1073, 1078 (Miss.2001) (affirming joinder of 1,371 plaintiffs in insurance fraud case). For all of the above stated reasons, the court finds that the Defendants' argument concerning misjoinder is without merit.

### D. Conclusion

In sum, the Plaintiffs' complaint, taking all allegations set forth as true, at least raises the possibility that they could succeed in establishing a tort claim against the Defendant Marilyn Kelly under Mississippi law. Accordingly, Kelly's citizenship cannot be ignored for the purposes of determining subject matter jurisdiction. Her presence in this civil action means that the complete diversity of citizenship necessary to maintain federal jurisdiction over this case is absent. As such, this cause shall be remanded to the Circuit Court of Prentiss County for ultimate resolution. Further, the court finds that the Defendants' argument concerning the potential misjoinder of the Plaintiffs is without merit.

A separate order in accordance with this opinion shall issue this day.

### ORDER GRANTING MOTION TO REMAND

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiffs' motion to remand (docket entry 10) is GRANTED; and

(2) this cause is hereby REMANDED to the Circuit Court of Prentiss County, Mississippi.